UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MIKULSKY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BLOOMINGDALE'S, LLC, and BLOOMINGDALES.COM, LLC,<br><br>　　　　　　　Defendants. | Case No.: 23-cv-425-L-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[ECF No. 13]** |

　　　Pending before the Court is Defendants Bloomingdales.com, LLC and Bloomingdales.com, LLC's (collectively, "Defendants") motion to dismiss the complaint. (ECF No. 13.) Plaintiff Erica Mikulsky ("Plaintiff") opposed, (ECF No. 14), and Defendants replied, (ECF No. 15). The Court decides the matter on the papers submitted without oral argument. See Civ. LR 7.1(d.1). For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.　INTRODUCTION**

　　　According to the allegations in the amended complaint, Defendants embed "session replay" software code on the bloomingdales.com website that collects information about a

visitor's navigation of the website such as mouse movements and keystrokes. (ECF No. 1, Compl., at 8.) Plaintiff is a California resident who claims she visited bloomingdales.com while in California and Defendants "secretly intercept[ed] and record[ed]" her communications to the website. (*Id.* at 2–3.) Plaintiff now brings a claim under section 631 of the California Penal Code for unlawful wiretapping and interception of electronic communications and a claim for intrusion upon seclusion. (*Id.* at 20–24.) Defendants, both citizens of Ohio and New York, move to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. (ECF No. 13.)

## II. LEGAL STANDARD

A complaint may be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). California's long-arm statute provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. This statute allows courts to exercise personal jurisdiction within the limits of due process. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003). It follows that compliance with due process satisfies both parts of the test for personal jurisdiction.

Due process demands that a nonresident defendant have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). This "minimum contacts" requirement can be satisfied by establishing either general or specific jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). Plaintiff only alleges specific jurisdiction over Defendants.

The Ninth Circuit employs a three-part test to determine whether a party is subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

"If the plaintiff succeeds in satisfying both of the first two prongs [of the test for minimum contacts], the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "[W]here, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* That is, the plaintiff need only demonstrate facts that support a finding of jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether Plaintiff has met this burden, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011), but "conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor," *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

### III. DISCUSSION

"The first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment." *Mavrix*, 647 F.3d at 1228. While they are distinct concepts,

"[a]t bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (quoting *Burger King*, 471 U.S. at 474–75).

In the context of internet-based activity, "operation of an interactive website does not, by itself, establish express aiming." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023). "But operating a website 'in conjunction with "something more"—conduct directly targeting the forum—is sufficient' to satisfy the express aiming prong." *Id.* (quoting *Mavrix*, 647 F.3d at 1229). The sale of a physical product into the forum via an interactive website qualifies as the "something more" to satisfy purposeful availment as long as the sale occurred as part of the defendant's regular course of business and the defendant exercised some level of control over the ultimate distribution of its product. *Id.* at 1094.

Here, Plaintiff alleges that Defendants operate the interactive website www.bloomingdales.com which allows users to purchase merchandise to be delivered or picked up in California. (ECF No. 1, at 3–4.) The Court finds that these sales occur as a regular part of Defendants' businesses and that Defendants exercise some level of control over the ultimate distribution of their products. Thus Defendants have purposefully availed themselves in California and the first prong of the specific jurisdiction test is satisfied.

"The second prong of the specific jurisdiction inquiry requires that a plaintiff's claims 'arise out of or relate to the defendant's contacts with the forum.'" *Herbal Brands, Inc.*, 72 F.4th at 1096 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021)). There must be some "relationship among the defendant, the forum, and the litigation." *Ford*, 141 S. Ct. at 1028. Looking only to the factual allegations in the complaint, the Court finds that relationship lacking here. The claims here arise solely out of Plaintiff's browsing of Defendants' website and Defendants' use of session replay code. The "something more" that establishes Defendants' relationship with the forum—the

physical sale of merchandise in California—does not underlie, or even relate to, Plaintiff's claim of digital eavesdropping. Plaintiff has thus failed to show any connection between Defendants' forum-related contacts and the harm she suffered. Accordingly, this Court lacks personal jurisdiction over Defendants. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930 n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

## IV.  CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss is **GRANTED** with leave to amend despite the Court's skepticism that pleading additional facts could cure the jurisdictional deficiencies noted above. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Plaintiff shall file an amended complaint, if any, no later than **October 27, 2023**.

IT IS SO ORDERED.

Dated:  October 6, 2023

Hon. M. James Lorenz
United States District Judge