UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MIKULSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BLOOMINGDALE'S LLC and BLOOMINGDALES.COM, LLC,<br><br>Defendants. | Case No.: 3:23-cv-00425-L-VET<br><br>**ORDER:**<br>**(1) DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**(2) GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[ECF No. 42] |

Pending before the Court is Defendants' Bloomingdale's LLC and Bloomingdales.com, LLC's (collectively, "Defendants" or "Bloomingdales") motion to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim. (ECF No. 42.) Erica Mikulsky ("Plaintiff") opposed, (ECF No. 43), and Defendants replied, (ECF No. 44). Defendants submitted a notice of supplemental authority. (ECF No. 45.) The Court decides the matter on the papers submitted without oral argument. *See* Civ. LR 7.1(d.1). For the reasons set forth below, Defendants' motion to dismiss for lack of personal jurisdiction is denied, and motion to dismiss for failure to state a claim is granted, without leave to amend.

## I. BACKGROUND

According to the allegations in the second amended complaint, Defendants use third-party vendors, such as the company "FullStory," to embed "session replay" software code on the bloomingdales.com website. (ECF No. 39 at 2.) This software collects information about a visitor's navigation of the website such as mouse movements, clicks, keystrokes, URLs of web pages visited, and other electronic communications in real-time. (*Id*.) Plaintiff alleges that the "Session Replay Code is designed to and does capture highly sensitive personal information (including from Plaintiff), without any notice and therefore without the knowledge or consent of unsuspecting website visitors." (*Id*.) Defendants and the third-party venders use the data to "recreate website visitors' entire visits to www.bloomingdales.com" and "create a video replay of each website visitor's behavior on the website and provide access to that video to Bloomingdale's for analysis." (*Id*. at 2-3.) The complaint compares Bloomingdale's use of the session replay code as "the electronic equivalent of a stranger surreptitiously spying on and 'looking over the shoulder' of each visitor to the Bloomingdale's website for the entire duration of their website interaction, even tracking activities and information a visitor would never want or seek to share with Bloomingdale's or its undisclosed Session Replay Providers." (*Id*. at 3.)

Plaintiff alleges that Bloomingdale's website is "integrated" with its physical stores in California. (*Id*. at 7.) Plaintiff alleges that Defendants use the "website to funnel California customers to Bloomingdale's California stores" and that the "website is further integrated with the operations of its brick-and-mortar stores in California." (*Id*. at 3-4).

Plaintiff is a California resident who claims she visited both bloomingdales.com and Bloomindale's brick-and-mortar stores while in California and was "a victim of Bloomingdale's and FullStory's unlawful monitoring, recording, and collection of her Website Communications with www.bloomingdales.com." (*Id*. at 5, 22.) Plaintiff brings two claims: (1) California Invasion of Privacy Act ("CIPA") Section 631 for unlawful

wiretapping and interception of electronic communications; and (2) common law intrusion upon seclusion. (*Id*. at 31–36.)

Defendants previously moved to dismiss for lack of personal jurisdiction and failure to state a claim. (ECF No. 13.) This Court dismissed the action for lack of personal jurisdiction. (ECF No. 25.) Plaintiff amended (ECF No. 27), and Defendant again moved to dismiss for lack of personal jurisdiction and for failure to state a claim. (ECF No. 32.) The Court found that in the amended complaint, Plaintiff had adequately established personal jurisdiction over Defendants but dismissed the case for failure to state a claim. (ECF No. 38.) Plaintiffs submitted a second amended complaint (ECF No. 39), and Defendants now move to dismiss for a third time. (ECF No. 42.)

## II. DISCUSSION

### A. Personal Jurisdiction

Defendants attempt to relitigate the Court's conclusion that Plaintiff had established personal jurisdiction over Defendants. As part of the reasoning for why this Court should do so, Defendants point to "[t]he Ninth Circuit's recent precedential decision in *Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023)" which, supposedly, "confirms that … Plaintiff has not, and cannot, establish specific jurisdiction in this case." (ECF No. 42 at 9.) Defendants fail to note that *Briskin* was decided November 28, 2023—nearly two months before this Court's decision finding personal jurisdiction.[1] (*See* ECF No. 38.) The Court made its decision with the full benefit of *Briskin*, which held that there was not personal jurisdiction over Shopify, a back-end payment processor that processed the plaintiff's order of consumer goods that were shipped to California. 87 F.4th at 422. Here, unlike in *Briskin*, Plaintiff has alleged that Defendants reach into the jurisdiction by maintaining an integrated website that pairs online use of the website with

---

[1] Both parties are clearly aware of the ability to submit supplemental authorities. (*See* ECF Nos. 16, 17, 18, 19, 20, 21, 22, 23, 36, 27, 45.)

operations of its brick-and-mortar stores in California. Accordingly, this Court will not disturb its previous holding establishing personal jurisdiction.

### B. Failure to State a Claim

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2] A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

#### i. CIPA

The Court previously dismissed Plaintiff's CIPA claim, finding that "Plaintiff has failed to adequately plead that the "contents" of her "communication" were intercepted." (ECF No. 38 at 12-13.) Specifically, the Court found:

---

[2] Unless stated otherwise, internal ellipses, brackets, citations, and quotation marks are omitted from citations.

   Here, Plaintiff has failed to adequately plead that the "contents" of her "communication" were intercepted. Courts analyzing CIPA claims apply the same definitions for the federal Wiretap Act where appropriate. *Saleh v. Nike, Inc.*, 562 F.Supp.3d 503, 517 (C.D. Cal. 2021). The Ninth Circuit has held that the "contents" of an online communication under federal wiretap law "refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (contents transmitted by Facebook.com did not include a user's Facebook ID and browsing history when automatically gathered, but it could include messages that stated that information).

   Here, Plaintiff alleges that her "interactions" on Defendants' website were tracked, such as "button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation, changes to visual elements in the browsers, network requests, and more." (ECF No. 27 at 14.)  The Court finds that these interactions are more akin to the "record" information that the Ninth Circuit has held not to be contents of a communication.  *See In re Zynga Priv. Litig.*, 750 F.3d at 1106; *see also United States v. Reed*, 575 F.3d 900, 917 (9th Cir.2009) (information about a telephone call's "origination, length, and time" was not "contents" for purposes of § 2510(8), because it contained no "information concerning the substance, purport or meaning of [the] communication").  (*Id.*)

   Plaintiff argues that the second amended complaint alleges that the "contents" or "meaning" of her communication were intercepted because Fullstory "indexes all user sessions and can be searched for events, users, date & time constraints, clicked elements, URLs, time, location, CSS selectors, and countless other web elements, all of which can be stacked to allow for highly specific segmentation of users based behavior."  (ECF No. 39 at 4-5.)  Plaintiff alleges that Fullstory "intercepts credit card data, credit card applications and other personal information," "products viewed or placed in website visitors' 'carts' or 'wish lists,' and "data entered into text fields but not 'submitted' by the visitor."  Further, Plaintiff alleges that Fullstory creates "fingerprints," "which enable FullStory to identify individual users by tracking their movements across multiple websites, including www.bloomingdales.com."  (*Id*. at 21.)

None of these allegations fix the fundamental flaw this Court found in Plaintiffs last complaint—that what was allegedly "intercepted" is record data, not "communications." *See In re Zynga Priv. Litig.*, 750 F.3d at 1106. While the complaint alleges that sensitive and personal information may be intercepted, that the information is sensitive does not lead to a conclusion that it is a "communication." Accordingly, Defendants' motion to dismiss the CIPA claim is granted.

### ii. Intrusion Upon Seclusion

To state a claim for intrusion upon seclusion under California common law, a plaintiff must plead that (1) a defendant intentionally intruded into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy and (2) the intrusion occurred in a manner highly offensive to a reasonable person." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009).

In assessing the viability of the plaintiff's claim for intrusion upon seclusion under California common law, the Ninth Circuit explained that "[t]he existence of a reasonable expectation of privacy, given the circumstances of each case, is a mixed question of law and fact." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). To determine whether a reasonable expectation of privacy exists, the Court considers "whether a defendant gained unwanted access to data by electronic or other covert means, in violation of the law or social norms." *Id*. at 601-602. This question depends on "a variety of factors, including the customs, practices, and circumstances surrounding defendant's particular activities." *Id*. at 602.

In dismissing the amended complaint, this Court reasoned that:

"[i]n *Facebook*, the court found that the plaintiffs had a cognizable privacy interest in browsing data surreptitiously collected by Facebook across the internet after the user had logged out of his Facebook account. *Id*. at 602-603. In contrast, here Plaintiff failed to suggest that the session replay provider tracked her data outside the Bloomgdales.com website. Courts have been unwilling to find a cognizable privacy interest in browsing data from users on Defendant's own website. *See, e.g., Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1086 (C.D. Cal. 2021); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019). This

> Court agrees with this approach and declines to find a privacy interest in Plaintiff's interactions with Defendants' own website when they choose to use that website. Accordingly, Defendants' motion to dismiss Plaintiff's claim for intrusion upon seclusion is granted with leave to amend. *See DeSoto*, 957 F.2d at 658.

(ECF No. 38 at 14.)

Plaintiff claims that they have adequately pleaded a "highly offensive" intrusion, including "(i) the presence of an uninvited (by Plaintiff) third party (the Session Replay Providers), and (ii) use of Session Replay Code, which begins to intercept and record the website user's Website Communications as soon as the user navigates to the site and continues recording every action taken by the user, by the millisecond." (ECF No. 43 at 21.)  However, this is the same conduct that the Court previously found to be non-offensive.[3]  Accordingly, Defendants' motion to dismiss the intrusion upon seclusion claim is granted.

### C. Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* "The district court's decision to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Work*, 635 F.3d 440, 454 (9th Cir. 2011).

Here, Plaintiff has failed to adequately amend the complaint to state a claim for a violation of CIPA or intrusion upon seclusion.  Leave was previously granted to allow

---

[3] Elsewhere in the complaint and in Plaintiff's opposition, they claim for the first time that Defendants create "fingerprints" that can track users "across other websites." (ECF No. 43 at 12.)  As Plaintiffs do not argue this conduct is part of their intrusion upon seclusion claim, the Court need not consider if it could state a cognizable claim.

Plaintiff to allege that a "communication" was intercepted for the CIPA claim and that Plaintiff had a privacy interest for the intrusion upon seclusion claim. The Court finds that allowing further leave to amend the complaint would be futile. Accordingly, leave to amend is denied.

### III. CONCLUSION

Defendants' motion to dismiss for lack of personal jurisdiction is DENIED. Defendants' motion to dismiss for failure to state a claim is GRANTED. Leave to amend is DENIED.

**IT IS SO ORDERED.**

Dated: May 14, 2024

_____
Hon. M. James Lorenz
United States District Judge