EMILY JOHNSON HENN (SBN 269482)
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone:  (650) 632-4700
Facsimile:    (650) 632-4800
Email:  ehenn@cov.com

CORTLIN LANNIN (SBN 266488)
MATTHEW Q. VERDIN (SBN 306713)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: clannin@cov.com
Email: mverdin@cov.com

*Attorneys for Defendants Bloomingdale's, LLC
and Bloomingdales.com, LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MIKULSKY, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BLOOMINGDALE'S, LLC and BLOOMINGDALES.COM, LLC,<br><br>　　　Defendants. | Case No.: 3:23-cv-00425-L-VET<br><br>**DEFENDANTS' ANSWER AND SEPARATE AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. M. James Lorenz<br>Courtroom: 5B<br>Action Filed: March 6, 2023 |

Defendants Bloomingdale's, LLC and Bloomingdales.com, LLC (together, "Defendants"), by and through their undersigned attorneys, hereby respond as follows to the allegations in the Second Amended Complaint ("Complaint") filed in this action by Plaintiff Erica Mikulsky on February 9, 2024, and provide separate and affirmative defenses to the allegations in the Complaint.

## PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the Complaint:

A.    Bloomingdale's, LLC and Bloomingdales.com, LLC submit this Answer and Affirmative Defenses ("Answer") only on behalf of themselves and, unless stated otherwise, construe "Defendant" and "Bloomingdale's" in the Complaint to refer to both of, and only, Bloomingdale's, LLC and Bloomingdales.com, LLC.

B.    The Complaint contains purported references to documents that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents should be considered, if at all, in context and in unmodified form, and Defendants respectfully refer the Court to the respective materials for their complete contents.

C.    Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Complaint, including any allegations in the prayer for relief, headings, subheadings, footnotes, and images of the Complaint, and specifically deny liability to Plaintiff. To the extent not expressly denied, all allegations for which Defendants deny possessing knowledge or information sufficient to form a belief are denied.

D.    Defendants reserve the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWERING ALLEGATIONS ABOUT THE NATURE OF THE ACTION

1.    Paragraph 1 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit that Plaintiff purports to bring a class action lawsuit against Defendants, that Bloomingdales.com, LLC operates the

Bloomingdale's website (bloomingdales.com), and that Bloomingdales.com, LLC installed FullStory's software code on its website.  Except as expressly stated, Defendants deny the allegations in Paragraph 1.

2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and on that basis deny them.

3.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and on that basis deny them.

4.    Defendants deny the allegations in Paragraph 4.

5.    In response to the allegations in Paragraph 5 and the accompanying footnote that purport to quote from and interpret a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, deny those allegations.

6.    In response to the allegations in Paragraph 6 and the accompanying footnote that purport to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 6.

7.    In response to the allegations in Paragraph 7 and the accompanying footnote that purport to quote from a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 7.

8.    In response to the allegations in Paragraph 8 and the accompanying footnote that purport to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 8.

9.    Paragraph 9 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 9, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.    Defendants admit that Bloomingdales.com, LLC uses FullStory's software-based services and admit, on information and belief, that FullStory's services include a session replay feature.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, deny those allegations.

11.    Paragraph 11 contains legal conclusions that do not require a response.  In response to the allegations in Paragraph 11 and the accompanying footnote that purport to quote from a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, therefore, deny those allegations.

12.    Paragraph 12 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13.    Defendants admit that Plaintiff purports to bring a claim on behalf of herself and other unnamed persons in California who visited the Bloomingdale's website and admit that Plaintiff purports to seek the relief described in Paragraph 13.  Defendants deny that they violated any law, deny that Plaintiff was harmed as a result of any alleged conduct by Defendants, deny that any claim alleged in the Complaint may be asserted on behalf of the putative class, and deny that Plaintiff is entitled to any relief from Defendants.  Except as expressly stated, Defendants deny the allegations in Paragraph 13.

**ANSWERING ALLEGATIONS ABOUT THE PARTIES**

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny those allegations.

15.    Paragraph 15 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants admit that Bloomingdale's, LLC is a limited liability company formed under the laws of Ohio with its principal place of business located in New York.  Except as expressly stated, Defendants deny the allegations in Paragraph 15.

16.     Paragraph 16 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants admit that Bloomingdales.com, LLC is a limited liability company formed under the laws of Ohio with its principal place of business located in New York.  Except as expressly stated, Defendants deny the allegations in Paragraph 16.

### ANSWERING ALLEGATIONS ABOUT JURISDICTION & VENUE

17.     Paragraph 17 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants admit that at least one member of the putative class is diverse with Defendants and that the Second Amended Complaint places more than $5,000,000 in controversy, exclusive of interests or costs.  Defendants otherwise deny the allegations of Paragraph 17.

18.     Paragraph 18 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19.     Paragraph 19 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20.     Paragraph 20 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants admit that the Bloomingdale's website allows customers to search for nearby stores and to book appointments at Bloomingdale's brick-and-mortar stores.  Except as expressly stated, Defendants deny the allegations in Paragraph 20.

21.     In response to the allegations in Paragraph 21 and its accompanying footnotes that purport to quote and/or interpret documents, Defendants state that the documents speak for themselves.  To the extent a response is required, Defendants admit that the Bloomingdale's website allows customers to book appointments and purchase goods for pickup at Bloomingdale's brick-and-mortar stores.  Except as expressly stated, Defendants deny the allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 22.

## ANSWERING FACTUAL ALLEGATIONS

23.     In response to the allegations in Paragraph 23 and its accompanying footnote that purport to quote from a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 23.

24.     In response to the allegations in Paragraph 24 and its accompanying footnotes that purport to interpret a document, Defendants state that the documents speak for themselves.  Except as expressly stated, Defendants deny the allegations in Paragraph 24.

25.     In response to the allegations in Paragraph 25 and its accompanying footnote that purport to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 25.

26.     In response to the allegations in Paragraph 26 and its accompanying footnotes that purport to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 26.

27.     In response to the allegations in Paragraph 27 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 27.

28.     In response to the allegations in Paragraph 28 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 28.

29.     In response to the allegations in Paragraph 29 and its accompanying footnotes that purport to interpret documents, Defendants state that the documents speak for themselves.  Except as expressly stated, Defendants deny the allegations in Paragraph 29.

30.     In response to the allegations in Paragraph 30 that purport to interpret unspecified documents, Defendants state that the documents speak for themselves. Except as expressly stated, Defendants deny the allegations in Paragraph 30.

31.     In response to the allegations in Paragraph 31 and its accompanying footnotes that purport to interpret documents, Defendants state that the documents speak for themselves.  Except as expressly stated, Defendants deny the allegations in Paragraph 31.

32.     In response to the allegations in Paragraph 32 and its accompanying footnote that purports to interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 32.

33.     In response to the allegations in Paragraph 33 and its accompanying footnote that purports to interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 33.

34.     In response to the allegations in Paragraph 34 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 34.

35.     In response to the allegations in Paragraph 35 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 35.

36.     In response to the allegations in Paragraph 36 and its accompanying footnotes that purport to quote from and interpret documents, Defendants state that the documents speak for themselves.  Except as expressly stated, Defendants deny the allegations in Paragraph 36.

37.     In response to the allegations in Paragraph 37 and its accompanying footnote that purports to quote from a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 37.

38.     In response to the allegations in Paragraph 38 that purport to quote from a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and, therefore, deny those allegations.

39.     Paragraph 39 contains legal conclusions that do not require a response. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, therefore, deny those allegations. Except as expressly stated, Defendants deny the allegations in Paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, deny those allegations.

41.     In response to the allegations in Paragraph 41 and its accompanying footnote that purports to quote from a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, deny those allegations.

42.     Paragraph 42 contains legal conclusions that do not require a response. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, therefore, deny those allegations. Except as expressly stated, Defendants deny the allegations in Paragraph 42.

43.     In response to the allegations in Paragraph 43 and its accompanying footnote that purports to interpret a document, Defendants state that the document speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.     In response to the allegations in Paragraph 49 that purport to quote from and interpret documents, Defendants state that the documents speak for themselves. Defendants deny the remaining allegations in Paragraph 49, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

50.     In response to the allegations in Paragraph 50 that purport to quote from and interpret a document, Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 50, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

51.     In response to the allegations in Paragraph 51 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 51, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

52.     In response to the allegations in Paragraph 52 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself. Defendants deny the remaining allegations in Paragraph 52, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

23cv0425

53.    In response to the allegations in Paragraph 53 and its accompanying footnotes that purport to quote from and interpret documents, Defendants state that the documents speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and, therefore, deny those allegations.

54.    In response to the allegations in Paragraph 54 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, therefore, deny those allegations.

55.    In response to the allegations in Paragraph 55 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, therefore, deny those allegations.

56.    In response to the allegations in Paragraph 56 and its accompanying footnote that purports to interpret two documents, Defendants state that the documents speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, therefore, deny those allegations.

57.    In response to the allegations in Paragraph 57 and its accompanying footnote that purports to interpret documents, Defendants state that the documents speak for themselves.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, therefore, deny those allegations.

58.    In response to the allegations in Paragraph 58 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself.  Defendants are without knowledge or information sufficient to form a

23cv0425

belief as to the truth of the remaining allegations in Paragraph 58 and, therefore, deny those allegations.

59.    Paragraph 59 contains legal conclusions that do not require a response. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and, therefore, deny those allegations.

60.    Defendants admit that Bloomingdales.com, LLC owns and operates the Bloomingdale's website (bloomingdales.com) and that the Bloomingdale's website offers for sale apparel, accessories, and shoes. Except as expressly stated, Defendants deny the allegations in Paragraph 60.

61.    Defendants deny the allegations in Paragraph 61, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

63.    Paragraph 63 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.    Defendants admit that Bloomingdales.com, LLC uses FullStory's software-based services, and admit, on information and belief, that FullStory's services provide certain information about some users' interactions with the Bloomingdale's website. Except as expressly stated, Defendants deny the allegations in Paragraph 64.

65.    Paragraph 65 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.    Paragraph 66 contains legal conclusions that do not require a response. To the extent a response is required, with respect to the allegations in Paragraph 66 and its accompanying footnote that purports to quote from and interpret a document, Defendants state that the document speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, therefore, deny those allegations.

23cv0425

67. In response to the allegations in Paragraph 67 and its accompanying footnotes that purport to interpret documents, Defendants state that the documents speak for themselves. Defendants deny the remaining allegations in Paragraph 67, including because Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. In response to the allegations in Paragraph 68 that purport to quote a document, Defendants state that the document speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

69. Paragraph 69 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 69. Defendants further note that the district court dismissed the common law claim in the complaint and such dismissal was affirmed by the Ninth Circuit.

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, deny those allegations.

71. Paragraph 71 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72. Paragraph 72 contains legal conclusions that do not require a response. To the extent a response is required, Defendants admit that Bloomingdales.com, LLC uses FullStory's software-based services. Except as expressly stated, Defendants deny the allegations in Paragraph 72.

73. Paragraph 73 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 73, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74. Paragraph 74 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.    Paragraph 75 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and its accompanying image and caption and, therefore, deny those allegations.

77.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and its accompanying image and caption and, therefore, deny those allegations.

78.    Paragraph 78 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and its accompanying image and caption and, therefore, deny those allegations.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, deny those allegations.

81.    Paragraph 81 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.    Paragraph 82 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83.    Paragraph 83 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, deny those allegations.

84.    Paragraph 84 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.    Paragraph 85 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

23cv0425

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, deny those allegations.

87.    Paragraph 87 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88.    Paragraph 88 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89.    In response to the allegations in Paragraph 89 and the accompanying footnote that purport to quote from and interpret a document, Defendants state that the document speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 and, therefore, deny those allegations.

90.    Paragraph 90 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.    In response to the allegations in Paragraph 91, Defendants state that the Bloomingdale's Privacy Policy speaks for itself. The remaining allegations contain legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.    Paragraph 92 contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    In response to the allegations in Paragraph 94 that purport to quote a document, Defendants state that the document speaks for itself. Paragraph 94 otherwise contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 94.

**ANSWERING CLASS ACTION ALLEGATIONS**

95.    Defendants admit that Plaintiff purports to bring this lawsuit as a class action under Fed. R. Civ. P. 23 and that Plaintiff proposes the listed "Class." Except as expressly stated, Defendants deny the allegations in Paragraph 95.

96.   Defendants admit that Plaintiff purports to exclude certain persons from her proposed Class.  Except as expressly stated, Defendants deny the allegations in Paragraph 96.

97.   Paragraph 97 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.   Paragraph 98 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.   Paragraph 99 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100.   Paragraph 100 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101.   Paragraph 101 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.   Paragraph 102 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 102.

103.   Paragraph 103 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 103.

**ANSWERING COUNT I**

104.   In response to the allegations in Paragraph 104, Defendants incorporate by reference their answers to all other paragraphs.

105.   In response to the allegations in Paragraph 105 that purport to quote from and interpret the California Penal Code, Defendants state that the text of the Code speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 105.

106.   In response to the allegations in Paragraph 106 that purport to quote from and interpret the California Penal Code, Defendants state that the text of the Code speaks for itself.  Except as expressly stated, Defendants deny the allegations in Paragraph 106.

107.   Paragraph 107 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

23cv0425

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, deny those allegations.

109.    Paragraph 109 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110.    Paragraph 110 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.    Paragraph 111 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    Paragraph 112 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.    Paragraph 113 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.    Paragraph 114 contains legal conclusions that do not require a response.  In response to the allegations in Paragraph 114 that purport to quote from and interpret the California Penal Code, Defendants state that the text of the Code speaks for itself. Except as expressly stated, Defendants deny the allegations in Paragraph 114.

115.    Defendants admit that Plaintiff purports to seek the forms of relief identified in Paragraph 115, but deny that Plaintiff is entitled to any such relief.  Except as expressly stated, Defendants deny the allegations in Paragraph 115.

## ANSWERING COUNT II

116.    Defendants are not required to answer the allegations in Paragraph 116 because the Court's May 14, 2024 Order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

117.    Defendants are not required to answer the allegations in Paragraph 117 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

23cv0425

118.   Defendants are not required to answer the allegations in Paragraph 118 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

119.   Defendants are not required to answer the allegations in Paragraph 119 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

120.   Defendants are not required to answer the allegations in Paragraph 120 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

121.   Defendants are not required to answer the allegations in Paragraph 121 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

122.   Defendants are not required to answer the allegations in Paragraph 122 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

123.   Defendants are not required to answer the allegations in Paragraph 123 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

124.   Defendants are not required to answer the allegations in Paragraph 124 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

125.   Defendants are not required to answer the allegations in Paragraph 125 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

126.   Defendants are not required to answer the allegations in Paragraph 126 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

127.   Defendants are not required to answer the allegations in Paragraph 127 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

128.   Defendants are not required to answer the allegations in Paragraph 128 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

129.   Defendants are not required to answer the allegations in Paragraph 129 because the Court's May 14, 2024 order dismissed Plaintiff's invasion of privacy claim, which dismissal the Ninth Circuit affirmed on June 20, 2025.

## ANSWERING THE REQUEST FOR RELIEF

Defendants deny the allegations in the Prayer for Relief, and further deny any liability to Plaintiff or putative class members, deny that class certification is proper, and deny that Plaintiff or putative class members are entitled to any relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendants asserts the following separate and affirmative defenses to Plaintiff's alleged cause of action.  Insofar as any of the following expresses denial of an element of any claim alleged against Defendants, such expression does not indicate that Plaintiff is relieved of his burden to prove each and every element of any such claim.  Defendants reserves the right to assert additional affirmative and other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## FIRST DEFENSE

## (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim for which relief may be granted against Defendants.

## SECOND DEFENSE

## (Consent)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the existence of consent, disclosure,

notification, ratification, acquiescence, authorization, and/or acceptance, including, without limitation, because the Bloomingdale's privacy policy disclosed the conduct alleged in the Complaint and Plaintiff and members of the putative class consented to the Bloomingdale's privacy policy.

### THIRD DEFENSE
### (Statute of Limitations)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, Cal. Code. Civ. P. § 340.

### FOURTH DEFENSE
### (Waiver/Estoppel/Unclean Hands/Laches)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

### FIFTH DEFENSE
### (Failure to Mitigate)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, by Plaintiff's and the putative class members' failure to mitigate damages, if any.

### SIXTH DEFENSE
### (No Statutory or Putative Damages)

Plaintiff's claim for statutory and punitive damages, and the claim Plaintiff purports to bring on behalf of members of the putative class for statutory and punitive damages, are barred or reduced by applicable law or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, and Article 1, Section 17 of the Constitution of the State of California.

## SEVENTH DEFENSE

### (No Standing)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred, in whole or in part, because Plaintiff and the putative class members lack Article III and statutory standing to assert the alleged claims.

## EIGHTH DEFENSE

### (Adequate Notice)

Plaintiff's claims and barred, in whole or in part, because the actions complained of were taken after providing adequate notice to the relevant individual as required by law.

## NINTH DEFENSE

### (Personal Jurisdiction)

Plaintiff's claim, and the claim Plaintiff purports to bring on behalf of members of the putative class, are barred because this Court lacks personal jurisdiction over Defendants.

## TENTH DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief, and the claims Plaintiff purports to bring on behalf of members of the putative class for equitable and/or injunctive relief, are barred, in whole or in part, to the extent there is an adequate remedy at law.

## ELEVENTH DEFENSE

### (Insufficient Likelihood of Future Injury)

Plaintiffs' claims for equitable relief, and the claims Plaintiffs purport to bring on behalf of members of the putative class for equitable relief, are barred, in whole or in part, because Plaintiffs fail to demonstrate a likelihood of future injury.

## PRAYER FOR RELIEF

Defendants pray for entry of judgment in their favor and against Plaintiff as follows:

1.   That the Second Amended Complaint be dismissed in its entirety with prejudice;

2.   That this action proceed between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23(c);

3.   That Plaintiff takes nothing by way of the Complaint;

4.   For attorneys' fees and costs as permitted by law; and

5.   For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants request a trial by jury on all issues raised by the Complaint that are properly triable to a jury.

DATED:  September 5, 2025                    COVINGTON & BURLING LLP

                                            By:  _s/ Cortlin Lannin_
                                                   Cortlin Lannin

                                            EMILY JOHNSON HENN (SBN 269482)
                                            COVINGTON & BURLING LLP
                                            3000 El Camino Real
                                            5 Palo Alto Square, 10th Floor
                                            Palo Alto, CA 94306-2112
                                            Telephone: (650) 632-4700
                                            Facsimile: (650) 632-4800
                                            Email:  ehenn@cov.com

                                            CORTLIN LANNIN (SBN 266488)
                                            MATTHEW Q. VERDIN (SBN 306713)
                                            COVINGTON & BURLING LLP
                                            Salesforce Tower
                                            415 Mission Street, Suite 5400
                                            San Francisco, California 94105-2533
                                            Telephone: (415) 591-6000
                                            Facsimile: (415) 591-6091
                                            Email: clannin@cov.com
                                            Email: mverdin@cov.com

23cv0425

1

2              *Attorneys for Defendants*
3              *Bloomingdale's, LLC*
               *and Bloomingdales.com, LLC*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28